IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                    NO. 12-50013

PHILIP G. HANSON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Motion for Reconsideration by Magistrate of Magistrate's Order to Determine Competency and Request for Hearing.  (Doc. 34).  A hearing was held on this motion by the undersigned on April 25, 2012.  The following is a brief history of the events leading up to this motion:

1.   On November 9, 2011, the undersigned granted Defendant's unopposed Motion to Determine Competency of Defendant.  (Docs. 6, 8).

2.   On January 26, 2012, a psychological evaluation report was filed with the Court, in which, Dr. Robert Johnson, a licensed psychologist with the Federal Correctional Institution in Fort Worth, Texas, opined that Defendant "does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense."  (Doc. 16 at pg. 8).

3.   On February 14, 2012, the Court conducted a hearing, at which time the Government expressed no objection, and defense counsel advised that Defendant wished to waive a competency hearing.  The Court found that Defendant was competent to proceed in this matter,

as he appeared to have sufficient ability to consult with his lawyer with a reasonable degree of understanding and to possess a rational as well as factual understanding of the proceedings against him.  (Doc. 18).

4.  On April 3, 2012, Defendant filed the motion which is now before the Court, wherein counsel for Defendant asserted that as a result of recent interactions and new information, he remained concerned about the competency of Defendant and whether Defendant was able to understand the nature and consequences of the proceedings against him or to assist properly in his defense, as well as whether Defendant was insane at the time of the offenses charged.  (Doc. 34 at pg. 2).  Defendant's counsel requested the Court hold a hearing regarding the competency of Defendant, and also requested the Court's consideration at the appropriate time to order a second evaluation of Defendant, to be conducted at an appropriate BOP medical facility.  (Doc. 34 at pg. 3).

5.  On April 12, 2012, Defendant's counsel filed a Motion to Withdraw from Representation of Defendant.  (Doc. 35).  Defendant's counsel indicated that a review of discovery he received revealed that there was an actual conflict in the representation of Defendant.  (Doc. 35 at pg. 2).

6.  On April 16, 2012, the Court granted the motion to withdraw, for the reasons stated in the motion.  (Doc. 36).

7.  On April 17, 2012, Defendant's present counsel, Kenneth Osborne, was appointed to represent Defendant.

8.  On April 25, 2012, prior to the hearing on Defendant's Motion for Reconsideration of the Magistrate's Order to Determine Competency and Request for Hearing, the Court met with

AO72A
(Rev. 8/82)

counsel for Defendant and the Government, and was advised that Defendant's previous counsel retained Gerald S. Stein, M.D., to conduct a new Psychiatric Independent Medical Examination of Defendant.[1]  The Court delayed the hearing for a short period of time in order to review the report completed by Dr. Stein.  In said report, Dr. Stein concluded that it was his forensic opinion, "within medical probability, that Philip Hanson is not competent to stand trial.  He cannot work with his defense counsel because of his underlying paranoid psychotic and grandiose Delusional Disorder." (Court Ex. #1 at pg. 29).  Dr. Stein also stated in his report that Defendant was very unclear as to his relationship with his counsel, and that it was hard to imagine a clearer statement of a defendant not working with his attorney than Defendant's telling him: "Unless James Pierce comes up with a different approach to defending me, I will ask Judge Setser to appoint a new attorney at the April 25, 2012, hearing.  (Court Ex. #1 at pg. 26).

9.  At the hearing held on April 25, 2012, the Court inquired of Mr. Osborne as to what had transpired since he had been appointed to represent Defendant.  Mr. Osborne stated that he met with previous Defense counsel for four hours on April 17, 2012, and they discussed the facts of the case and defense counsel's strategy.  He stated that he read Dr. Stein's report on April 19, 2012, and met with Defendant for two hours on April 20, 2012.  Mr. Osborne stated that he went over Dr. Stein's report with Defendant and addressed the issues raised in Dr. Stein's report.  Mr. Osborne stated that he had no problem communicating with Defendant, and that neither he nor Mr. Osborne saw a need for a competency hearing.  Mr. Osborne also stated that he met with Dr. Stein on April 23, 2012, at which time Dr. Stein said that he believed there was a possibility that difficulties with representation of Defendant might develop in the future.  Mr. Osborne stated

---

[1]At the hearing held on April 25, 2012, the Court made Dr. Stein's report Court Exhibit #1.

-3-

that as of the time of the hearing, he had no problem working with Defendant.

10. The Court next inquired of Defendant regarding his ability to communicate with and assist Mr. Osborne with his defense. The Court asked Defendant whether he understood the nature of his counsel's role in the proceeding. Defendant stated that communication between him and his previous counsel had broken down, but that when he and Mr. Osborne met, Mr. Osborne was able to share with Defendant in concepts he could understand the validity of certain defenses Defendant believed he possessed. Defendant also understood Dr. Stein's conclusions, but believes he can work with Mr. Osborne, and would be willing to trust his judgment regarding trial strategy and valid defenses. The Court explained to Defendant that it would be his decision as to whether he wanted to enter a plea or go to trial, but that as to strategy and questions regarding the validity of defenses, his attorney would need to be able to make those decisions, as he had an ethical duty to Defendant and to the Court to not present invalid or frivolous claims or defenses. Defendant stated that he understood. Defendant stated that he really believed that he could communicate with Mr. Osborne, and understood that if Mr. Osborne believed a particular defense had no arguable basis in law or fact, he would not be able to present it.

Defendant also confirmed that he was not seeking to represent himself in this proceeding.

11. At the conclusion of the hearing, the Court found that since Dr. Stein's finding was based upon Defendant's inability to work with his previous counsel, and based upon the testimony of Defendant, as well as the statements given by Mr. Osborne, Defendant was competent to proceed to trial, which is now set for July 9, 2012. The Court encouraged Defendant to assist Mr. Osborne in his defense.

Based upon the foregoing, the Court hereby finds Defendant is competent to proceed to

-4-

trial and DENIES the Motion for Reconsideration by Magistrate of Magistrate's Order to Determine Competency and Request for Hearing. (Doc. 34).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of April, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-