```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                      PLAINTIFF

    v.            CASE NO. 12-50013

PHILIP G. HANSON                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 27, 2012, a hearing was conducted on various documents filed by Defendant that were referred to the undersigned. The undersigned made findings on the record and now enters the following written findings and recommendations:

1. **Notification to All Parties (Court, Prosecution, U.S. Marshals, former attorneys - Pierce, Osborne) of Hanson's disability - severe Major Depressive Disorder. Hanson is disabled with Severe MDD. (Doc. 138.)**

In Document 138, Defendant states that he has "well documented treatment resistant MDD," for which he has been declared disabled for social security disability benefit purposes. Defendant cites to his past medical records and the two competency evaluations performed in this case. Defendant states that the prosecution has been aware of his disability since his arrest in November 2011, and asks, "What is the prosecution's obligation to Hanson relating to <u>Brady</u>, as it relates to 'guilt or to punishment,' relating to disability?" (Doc. 138 at pg. 2.) Defendant also poses questions about what obligations the Court, the United States Marshal's Service ("USMS"), his former attorney

(James Pierce) and his current standby counsel (Kenneth Osborne) have to him "relating to [his] disability," his treatment options, and the Americans with Disabilities Act ("ADA").

The undersigned would first note that Document 138 is titled a "Notification." The Court will construe this document and the other "Notifications" that will be addressed herein as motions. **However, the undersigned advised the Defendant at the hearing on this matter and advises Defendant now in writing that he must comply with the Court's previous order to put all requests for Court action in the form of motions. (Doc. 58.) The failure to do so may result in future documents not being acted upon by the Court.**

The undersigned would also note that the Defendant may not simply pose questions and seek advice thereto from the Court. The Defendant has elected to represent himself in this matter and the Court has appointed standby counsel to assist Defendant in his defense. Defendant's alleged disability and the treatment available to him at the jail were discussed at length in an order entered on October 1, 2012, denying Defendant's release pending sentencing. (Doc. 149.) Further, any rights the Defendant may have under the ADA are not at issue in Defendant's criminal case.

To the extent the Defendant may be alleging a Brady violation, the undersigned sees no merit to this allegation. The prosecution's duty is to disclose to Defendant favorable evidence

that is material to guilt or punishment and that is not otherwise available to the Defendant. See United States v. Ellefsen, 655 F.3d 769, 778 (8th Cir. 2011), citing Brady v. Maryland, 373 U.S. 83, 87 (1963). The Defendant's medical records and competency evaluations are certainly available to the Defendant, in fact, he quotes from them at length in the various documents he has filed with the Court. As the undersigned advised the Defendant at the hearing, if he believes his mental condition has relevance to his potential sentence, it is his responsibility to proffer to the Court any information he wishes to be considered at his sentencing hearing.

Based on the foregoing, to the extent that **Document 138** is construed as a motion, the undersigned recommends that it be **DENIED** in all respects.

2. **Notification to U.S. Marshals of Demand for Psychiatric Care (Doc. 139.)**

In Document 139, Defendant states that he asked for psychiatric care at the jail and was advised that his request had been forwarded to the USMS. Defendant demands that the USMS provide him "psychiatric medical care ... within 72 hours of receipt of this communication." (Doc. 139 at pg. 1)

As stated above, the undersigned addressed the treatment available to Defendant at the jail in a previous order. (Doc.

149.) Accordingly, to the extent that **Document 139** is construed as a motion, the undersigned recommends that it be **DENIED**.

3. **Motion for Removal of Prosecutors Eldridge - Johnson (Doc. 141)**

In this motion, Defendant seeks to remove United States Attorney Conner Eldridge and Assistant United States Attorney Wendy Johnson for "cause," citing "Egregious behaviors (samples)." "'The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary.'" See United States v. Bolden, 338 F.3d 870, 878 (10th Cir. 2003) (internal citation omitted). Courts have allowed disqualification of Government counsel in limited circumstances, such as where an actual conflict of interest exists or where there are bona fide allegations of bad faith performance of Government counsel's official duties. Id. (citing cases where these circumstances were found to exist).

Defendant asserts three bases for the removal of Government counsel. First, Defendant again argues that the prosecution violated Brady and the ADA. This argument has no merit for the reasons discussed above.

Second, Defendant asserts that there was an "inappropriate agreement on 6-25-12," as AUSA Johnson was provided a copy of Dr. Gerald Stein's competency evaluation prior to the hearing on June 25, 2012, and the undersigned, Mr. Osborne and Johnson were aware

that the report "would be used against" Defendant. (Doc. 141 at pg. 2.) Defendant's assertion of an "inappropriate agreement" regarding the disclosure of Dr. Stein's report is baseless. The disclosure of Stein's report is discussed in a prior Report and Recommendation entered by the undersigned on April 25, 2012. (Doc. 39.) Dr. Stein's report was admitted as an exhibit at a hearing conducted on that date on a motion Defendant's prior counsel, Mr. Pierce, filed seeking reconsideration of the Court's finding that Defendant was competent to proceed to trial. As the Defendant's continued competency was put at issue, disclosure of Dr. Stein's report opining on this issue was not in any way inappropriate. Further, the Court ultimately found Defendant competent to proceed, and thus, the report was not "used against" the Defendant to prejudice him in any way.

Third, Defendant asserts, "Johnson did not communicate truthfully to Hanson on 9-1-2012. Johnson asked to bring documents on 9-2-2012. Documents were required on 9-1-2012. Johnson never returned with documents." (Doc. 141 at pg. 2.) Prior to trial, the Court rejected similar claims by Defendant, as the Government represented that it had provided Defendant all discoverable material and even many documents that would not be discoverable. (Doc. 118.) At the hearing on the instant motion, the Government against represented that it had provided all discoverable material to Defendant, including documents that were

not presented at trial.  Thus, Defendant has not established any violation of the Government's discovery obligations.

Based on the foregoing, the undersigned recommends **denying** Defendant's **Motion for Removal of Prosecutors Eldridge - Johnson (Doc. 141).**

4. **Notice of Request for Full Disclosure to Prosecutors Eldridge, Johnson (Doc. 142);**

    **Notice of Request for Full Disclosure to Kenneth Osborne, Attorney (Doc. 143);**

    **Notice of Request for Full Disclosure to James Pierce, Attorney (Doc. 144);**

    **Notice of Request for Full Disclosure to U.S. Marshals (Doc. 145)**

In these documents, Defendant again questions what the obligations of the prosecution, Mr. Osborne, Mr. Pierce, and the USMS are to him as "it relates to Hanson's disability" and the ADA.  To the extent these documents can be construed as motions, they are based on the same assertions raised in Document 138 and the undersigned recommends **DENYING** them based on the same grounds.

5. In conclusion, the undersigned recommends **DENYING**, in all respects, the following motions and notifications (to the extent they are construed as motions):

* Notification to All Parties (Court, Prosecution, U.S. Marshals, former attorneys - Pierce, Osborne) of Hanson's disability - severe Major Depressive Disorder. Hanson is disabled with Severe MDD. (Doc. 138.)
* Notification to U.S. Marshals of Demand for Psychiatric Care (Doc. 139.)
* Motion for Removal of Prosecutors Eldridge - Johnson (Doc. 141)
* Notice of Request for Full Disclosure to Prosecutors Eldridge, Johnson (Doc. 142);
* Notice of Request for Full Disclosure to Kenneth Osborne, Attorney (Doc. 143);
* Notice of Request for Full Disclosure to James Pierce, Attorney (Doc. 144);
* Notice of Request for Full Disclosure to U.S. Marshals (Doc. 145)

The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 2nd day of October, 2012.

                                          /s/ *Erin L. Setser*
                                              HON. ERIN L. SETSER
                                              UNITED STATES MAGISTRATE JUDGE