IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                          NO. 12-50013

PHILIP HANSON

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion for Return of Personal Property under Fed.R.Crim.P. 41(e).[1] (Doc. 154). The Government has filed a response (Doc. 164), and this matter has been referred to the undersigned for report and recommendation. (Doc. 166).

Defendant requests the return of the following personal property he alleges was taken from his house on November 6, 2011, pursuant to a search and seizure warrant:

> Desktop computer (Dell broad)
> Notebook computer
> Printer
> Flash drive
> Hard drive
> Cell phone
> All other miscellaneous items.

(Doc. 154).

In response, the Government objects to the return of any property, stating that the items requested by Defendant were seized as evidence in this case, that Defendant has not yet been scheduled for sentencing, and the criminal case has not been concluded.

Fed.R.Cr.P. 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an

---

[1] Although Defendant cites to Rule 41(e), the Court believes he is referencing Rule 41(g).

-1-

>unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" Jackson v. United States, 526 F.3d 394, 397 (8th Cir. 2008)(quoting United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002).

Defendant is not entitled to the return of any property that is case-related or has evidentiary value, until all of his post-conviction remedies are exhausted. United States v. Starr, 2008 WL 313175, at *1 (N.D.Iowa, February 4, 2008). Defendant has not yet been sentenced in this proceeding, and therefore, his motion is premature.

Accordingly, the Court hereby recommends that Defendant's Motion for Return of Property be denied. This ruling, however, should be deemed as without prejudice to Defendant seeking return of his property at the conclusion of the criminal proceedings. See United States v. Bailey, 206 Fed. Appx. 650, 654 (8th Cir. 2006) cert. denied 127 S.Ct. 2901 (2007)(affirming the district court's denial of motion without a hearing, but deeming denial to be without prejudice to defendant seeking return of his property at the conclusion of his appeal).

**The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de**

AO72A
(Rev. 8/82)

**novo review by the district court.**

DATED this 30th day of October, 2012.

                      /s/ *Erin L. Setser*
                      HON. ERIN L. SETSER
                      UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)